IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RAYMOND CARNES,             *
                            *
        Plaintiff,          *
                            *
   v.                       *        CV 624-067
                            *
GEORGE RAY WASDEN, et al.,  *
                            *
        Defendants.         *
                            *
                            *

# ORDER

Before the Court is Plaintiff's motion to set aside default and for leave to file an answer to Defendant Wasden's counterclaim. (Doc. 15.) For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff initiated this action for specific performance and declaratory judgment on October 16, 2024, in the Superior Court of Jenkins County, Georgia. (Doc. 1-1.) The case was removed to this Court on November 26, 2024. (Doc. 1.) After requesting and receiving an extension of time to file an answer, Defendant Wasden timely filed an answer and counterclaim against Plaintiff on January 27, 2025. (Docs. 7, 9, 13). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), Plaintiff was required to answer

Defendant Wasden's counterclaim within twenty-one days – here, by February 17, 2025; however, Plaintiff did not answer until February 25, 2025. (Doc. 16.) He contemporaneously filed the instant motion to set aside default and for leave to file the untimely answer. (Doc. 15.) Defendant Wasden responded in opposition to Plaintiff's motion on March 5, 2025, and Plaintiff replied in support. (Docs. 17, 22.) The deadline for further briefing having passed, Plaintiff's motion is ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "A defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citation omitted and alteration adopted). Here, Plaintiff failed to answer Defendant Wasden's counterclaim within the twenty-one days prescribed by Rule 12; therefore, even though Defendant Wasden has not moved for entry of default, Plaintiff is nonetheless in default. See id. Even so, the Court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c).

To determine whether there is good cause, courts may consider factors such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." <u>Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted). Regardless of a court's chosen factors, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." <u>Id.</u> (citation omitted). Relevant to determining whether to open default is the Eleventh Circuit's "strong preference for deciding cases on the merits – not based on a single missed deadline – whenever reasonably possible." <u>Perez</u>, 774 F.3d at 1332 (11th Cir. 2014).

### III. DISCUSSION

Plaintiff asks the Court to set aside his default pursuant to Federal Rule of Civil Procedure 55(c). (Doc. 15, at 2.) He represents that his counsel is accustomed to practicing in state court, where his action was originally filed and where answers to counterclaims are not required. (<u>Id.</u>) Noting that his counsel understands the importance of knowing the rules of this Court, Plaintiff requests the Court nonetheless find good cause exists to

3

set aside his default. (Id.) Defendant Wasden opposes, arguing Plaintiff has not shown good cause. (Doc. 17, at 2-3.)

The Court finds good cause exists to set aside default because Plaintiff's lapse was not intentional and setting aside default will not prejudice Defendant Wasden. First, Plaintiff's failure to timely file was not willful. Courts will deem a default willful when the litigant displays "either an intentional or reckless disregard for the judicial proceedings." Compania Interamerican, 88 F.3d at 951-52 (citation omitted). An action may be deemed intentional or reckless "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance." Id. A party's delay because of "a good faith procedural error" is not considered willful. Buonocore v. Credit One Bank, N.A., No. 3:14-CV-067, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014). Here, Plaintiff initially filed this action in state court, where answers to counterclaims are not required. (Doc. 1-1; see O.C.G.A. § 9-11-12(a) ("A cross-claim or counterclaim shall not require an answer . . . .").) Eight days after his deadline to answer the counterclaim had passed, and before Defendant Wasden moved for a clerk's entry of default, Plaintiff filed the instant motion to set aside default and for leave to file his answer. (Doc. 15.) In other words, Plaintiff's delay appears to be a good faith mistake which he quickly addressed

4

without prompting from Defendant Wasden or the Court. The Court therefore finds his delay was not intentional.

Second, setting aside the default will not prejudice Defendant Wasden. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, a plaintiff [has] to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." Griffin IT Media, Inc. v. Intelligentz Corp., No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006)); see also Joe Hand Promotions, Inc. v. Allen, No. CV 118-127, 2018 WL 5087233, at *2 (S.D. Ga. Oct. 18, 2018) (finding defendant's two week delay in filing answer, without more, did not prejudice plaintiff). Here, Plaintiff missed his deadline to answer by only eight days, and Defendant Wasden does not identify any prejudice he will suffer should the Court set aside Plaintiff's default. (See Doc. 17.) Therefore, the Court finds this factor weighs in Plaintiff's favor.

The Court hesitates to find Plaintiff sets forth a potentially meritorious defense in satisfaction of the third "good cause" factor. To show a meritorious defense, "a defendant need only show a 'hint of a suggestion.'" Buonocore, 2014 WL 6620623, at *2 (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)). "[B]ald assertions," however, are insufficient. Sherrard

5

v. Macy's Sys. & Tech., Inc., 724 F. App'x 736, 739 (11th Cir. 2018). Here, Plaintiff's proposed answer to Defendant Wasden's counterclaim includes asserted defenses of, *inter alia*, laches, equitable estoppel, and unclean hands. (Doc. 16, at 1.) Plaintiff offers no facts in support of these defenses. (Id.) Nonetheless, these omissions are not fatal to Plaintiff's motion to set aside default because the good cause analysis "does not require that each factor be satisfied." Sherrard, 724 F. App'x at 739 (citation omitted). Therefore, the Court finds Plaintiff's good faith mistake, his prompt corrective action, and the lack of prejudice to Defendant Wasden sufficiently establish good cause to set aside Plaintiff's default.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to open default and for leave to file an out of time answer to Defendant Wasden's counterclaim (Doc. 15). Plaintiff's answer to Defendant Wasden's counterclaim (Doc. 16) will be considered timely filed.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of August, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA